CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 30 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TONIA M. HAYES, | ) | CASE NO. 4:05CV00043 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 28, 2003 protectively filed claim for a period of disability, disability benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.* is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 27 years old with two years of college education and with past relevant work as a cashier, security guard, router/package handler, pharmaceutical worker, telephone operator, correctional officer, patient care worker, truck loader, and cashier/stocker, had not engaged in substantial gainful activity since her alleged

date of disability onset, October 1, 2001, and that she was insured for benefits through December 31, 2006. (R. 17-19.) The Law Judge further found that plaintiff has polycystic kidney disease with recurrent urinary tract infections, hypertension, an arachnoid cyst in the right middle cranial fossa, iron deficiency anemia, obesity[1], tension headaches, an adjustment disorder with anxiety and depression, and a depressive disorder NOS, which when viewed collectively are severe impairments, though not severe enough to meet or equal any listed impairment. (R. 19-20, 22.) The Law Judge was of the view that plaintiff's allegations that she couldn't perform sustained work activity were "not fully credible." (R. 21-22.) The Law Judge concluded that plaintiff retained the residual functional capacity to perform light work which involves only occasional bending at the waist (stooping), occasional bending at the knees (crouching), occasional kneeling, occasional crawling, and occasional climbing of stairs and ladders. (R. 20, 22.) By reference to testimony provided by the vocational expert (VE), the Law Judge determined that plaintiff could return to her past relevant work as a cashier, security guard, and telephone operator and that she was not disabled under the Act. (R. 22, 23.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 8-11.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v, Sullivan*, 907 F. 2d 1453 (4th Cir.

---

[1] Plaintiff testified that she was 5'6" and 223 pounds. (R. 302.)

1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her brief filed supporting her motion for summary judgment, plaintiff initially claims that her allegations regarding the frequency of urination are consistent with the symptoms one would expect from a person with polycystic kidney disease, and that the Law Judge erred by disregarding her testimony which is supported by the objective medical evidence. Plaintiff suggests her claims are supported by the fact she has polycystic kidney disease, the fact that she has a history of urinary tract infections, and the fact that her "$Cr^2$" was found to be increasing at one point. However, the extant medical record does not appear to support plaintiff's claims that her frequency of urination is as intense, persistent, and functionally limiting as she has alleged. Although plaintiff's physicians have recognized that she has polycystic kidney disease, which has caused her to experience frequency of urination, they have not suggested that her frequency of urination and UTI's are so severe that they have placed a significant limitation on her ability to function as she has alleged.

Plaintiff also argues that the Law Judge improperly disregarded her complaints of headaches and loss of memory caused by her arachnoid cyst. Plaintiff's complaints of headaches

---

[2]Plaintiff has failed to explain how an increased "Cr" supports this argument. (Pl's Brief, p. 25.)

3

are addressed in her medical records; however, there are no objective medical findings to support her assertions regarding their persistence and severity. Plaintiff informed her physicians that her headaches were decreasing following the birth of her child. (R. 270.) She also was receiving injections every three months which improved her headaches for two and a half months. (R. 284.) Plaintiff's assertion that she "can't remember like [she] used to" is not sufficient to show that she has a loss of memory sufficient to substantially impact her ability to work.

Plaintiff contends that the Law Judge erred by failing to consider the vocational effects of her medication when making his RFC determination. The record does not reveal that plaintiff complained to her treating sources that any of her medications caused her to experience significant side effects, nor does the record reveal that plaintiff sought a change to other medications because of the side effects. Plaintiff's sole support for this argument are the statements she made in the disability application questionnaires completed by her in June *2003*. A review of plaintiff's medical records from July 1, 2004 reveal that only one of the drugs which she asserts caused her side effects in 2003 were still part of her treatment program in 2004, and the only alleged side effect from that drug was cramps. (R. 284.)

Plaintiff argues that her impairments are so severe that she would be expected to miss at least one day of work per month. There are no treating source opinions or objective medical findings to support this contention. Rather, plaintiff testified that she cares for her three year old child and seriously ill, disabled mother. (R. 268, 305.) Furthermore, the VE testified that the general rule is that an employee would be allowed to miss *one day and a half per month*. (R. 329)(emphasis added).

Finally, plaintiff suggests that the Law Judge failed to consider the limitations produced

4

by her anxiety and depression, though she concedes her depression and anxiety, standing alone, are not disabling. Plaintiff believes that, when viewed in combination with her other impairments, she is disabled. Plaintiff supports her contention by reference to documents from the Department of Veterans Affairs ("VA") which reveal that she was granted disability compensation at 30% for a "depressive disorder, not otherwise specified."[3] (R. 71-73.)

Certainly the findings and decisions by other governmental agencies concerning a claimant's disabilities must be considered by the Commissioner, though any award of benefits by those agencies, here the Department of Veterans Affairs, is not binding on the Commissioner or determinative of this case. *See* 20 C.F.R. § 404.1504; *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Here, the Law Judge determined that plaintiff's depression and anxiety were situational, and the medical records support this conclusion. The records which address plaintiff's anxiety/depression provide that she was dealing with her father's incarceration, her mother's diagnosis of cancer, and her involvement in a legal battle for child support. Richard W. Elwood, a clinical psychological, concluded that she was in "no acute psychological distress," and was suffering only *mild* depression related to family stressors and an inactive lifestyle. (R. 262.) Steven P. Lair, a clinical psychologist, determined that plaintiff was managing her depression and that her medication was helping, even though her "family stressors" continued. (R. 267-68.) Moreover, it is clear from the VA's determination, that plaintiff was found only partially

---

[3] A finding of 30% is granted when there is "occupational and social impairment with *occasional decrease* in work efficiency and *intermittent* periods of inability to perform occupational tasks." (R. 73)(emphases added.) However, disability under the Social Security Act is defined as "the inability to do *any* substantial gainful activity" due to a medical impairment which is expected to result in death or last for a *continuous period* of twelve months. 20 C.F.R. § 404.1505(a)(emphases added).

5

disabled, which is not the equivalent of being disabled from all substantial gainful activity under the Social security Act.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3/30/06
Date